**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN SWIRSDING | : | |
| | : | |
| Appellant | : | No. 1665 EDA 2020 |

Appeal from the PCRA Order Entered August 26, 2020,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0001593-2018.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: Filed: May 20, 2021

John Swirsding appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§9541-46. Additionally, Swirsding's court-appointed PCRA counsel has filed a motion for leave to withdraw from representation, as well as a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant counsel's motion to withdraw and affirm the PCRA court's order denying post-conviction relief.

The pertinent facts have been summarized as follows:

> On May 3, 2018, [Swirsding] was living with [the Complainant] at their shared residence[.] [Swirsding and the Complainant] were in a dating relationship at that time. In the early morning hours of May 3, 2018, the [Complainant] was sleeping in an upstairs guest bedroom while [Swirsding] was out consuming alcohol at a bar.

> The [Complainant], believing that [Swirsding] had his key to the residence, locked the exterior doors before going to bed. [Swirsding] returned home around 1:00 a.m. and was intoxicated and unable to get inside the residence. [Swirsding] broke the window on the back door of the residence in order to gain entry, cutting open his right ring finger in the process. Upon entering the residence, [Swirsding] went upstairs to the bedroom where the [Complainant] was sleeping, broke through the locked door, and proceeded to attack the [Complainant].
>
> Officers from the Easttown Township Police Department were dispatched to the residence after a neighbor heard the breaking of the glass window pane and commotion inside the residence and called the police. Specifically, the neighbor heard [Swirsding] making threats to the [Complainant]. Upon arrival on the scene, Sergeant Francis Keenan and Officer Robert Malason entered the residence and observed [Swirsding] on top of the [Complainant], still attacking her, and arrested [Swirsding].
>
> The [Complainant] testified at trial that she thought she was going to die while [Swirsding] had his hands around her throat and was strangling her. After he was arrested and placed in a holding cell, [Swirsding] made comments to [the officers] to "not let him out of jail because he would teach [the Complainant] a lesson" and that "someone should kill the [Complainant]."

Rule 907 Notice, 7/9/20, at 2 n.5.

On July 31, 2019, a jury convicted Swirsding of strangulation, terroristic threats and two counts of simple assault. On December 19, 2019, the trial court sentenced him to an aggregate term of two to four years in prison, and a consecutive two-year probationary term. Swirsding did not file a post-sentence motion. Although he initially filed a direct appeal to this Court, Swirsding later withdrew it.

On April 14, 2020, Swirsding filed a counseled PCRA petition, as well as an amended petition on April 29, 2020. In this petition, Swirsding asserted that trial counsel was ineffective for failing to call known, available character witnesses at his trial. Swirsding attached a certification from trial counsel to his amended petition. In this certification, counsel explained why he chose not to call the character witnesses identified by Swirsding.

The Commonwealth filed a timely answer. On July 9, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Swirsding's petition without a hearing. Swirsding did not file a response.[1] By order entered August 26, 2020, the PCRA court entered an order denying Swirsding's PCRA petition. Thereafter, the PCRA court appointed current counsel. This timely appeal followed. Both Swirsding and the PCRA court have complied with Pa.R.A.P. 1925.

We first address current counsel's motion to withdraw. Pursuant to **Turner/Finley**, **supra**, before seeking leave to withdraw, a criminal defendant's counsel must review the record to determine if any meritorious issue exists. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such review by counsel requires proof of:

_____

[1] On July 28, 2020, Swirsding fled a *pro se* request for a 60-day continuance in order to file a Rule 907 response. The PCRA court directed the clerk of courts to forward the *pro se* filing to PCRA counsel.

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted). Further, PCRA counsel seeking to withdraw from representation in this Court must contemporaneously forward to the petitioner a copy of the petition to withdraw that includes (1) a copy of both the "no-merit" letter, and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's petition to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Upon review, we conclude that PCRA counsel has substantially complied with the **Turner/Finley** requirements as set forth above. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with requirements to withdraw as counsel will satisfy the **Turner**/**Finley** criteria). We now independently review Swirsding's claim to ascertain whether it entitles him to relief.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014) (citations omitted).

Swirsding claims that the PCRA court erred in dismissing, without a hearing, his claim that trial counsel was ineffective for failing to call character witnesses to testify on his behalf. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be

- 5 -

constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

As noted above, Swirsding asserts that trial counsel was ineffective for failing to call character witnesses on his behalf at trial. Our standard of review is well settled:

> When raising a claim of ineffectiveness for failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [*Strickland v. Washington*, 466 U.S. 668 (1984)] test by establishing that: (1) the witness existed; 2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial[.]

*Commonwealth v. Matias*, 63 A.3d 807, 810-11 (quoting *Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012).

Rule 404(a)(1) of the Pennsylvania Rules of Evidence states the general rule that "[e]vidence of a person's character or character trait is not admissible

to prove that on a particular occasion the person acted in accordance with the character or trait." However, the rule also provides an exception for a defendant in a criminal case, allowing for the defendant to "offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it[.]" Pa.R.E. 404(a)(2)(A). "Although evidence of good character may not be rebutted by evidence of specific acts of misconduct, character witnesses may be cross-examined regarding his knowledge of particular acts of misconduct by the defendant to test the accuracy of his testimony and the standard by which he measures reputation." *Commonwealth v. Peterkin*, 513 A.2d 373, 382-83 (Pa. 1986) (citation omitted),

Here, the PCRA court explained why Swirsding's ineffectiveness claim regarding the failure to call known character witnesses lacked merit, and why the claim could be dismissed without first holding an evidentiary hearing:

> The [PCRA court] finds that [trial counsel], as described in his certification, had a reasonable trial strategy [for not calling the character witnesses identified by Swirsding,] which must end our ineffective assistance analysis.

> The record reveals that on April 29, 2020, PCRA counsel filed an amended PCRA petition that included a certification and verification from trial counsel. [Swirsding] does not dispute the accuracy or admissibility of [trial counsel's] certification, rather he argues that [trial counsel's] reasoning does not constitute a reasonable trial strategy. We disagree.

> In his certification, [trial counsel] stated in detail, his reasons for not calling the aforementioned individuals as witnesses to testify regarding [Swirsding's] peaceful and non-violent reputation in the community. [Trial counsel]

- 7 -

cogently detailed at least four (4) separate and distinct reasons for not calling these witnesses at trial. The reasons articulated by [trial counsel] comport with our review of the record[.]

Rule 907 Notice, at 9 n.5 (excess capitalization and citations omitted).

The PCRA court then listed these reasons as follows:

1. [Swirsding's] email correspondence contradicted [Swirsding's] recitation of his prior criminal history. Specifically, it appears that [Swirsding] included false language about his propensity for non-violence by mistake, as a means to coach his potential character witnesses, or deliberately because these individuals lacked knowledge of [Swirsding's] true character, which is violent.

2. [Swirsding's] proposed character witnesses were unaware of [Swirsding's] prior conviction for violence. [Swirsding] had previously informed [trial counsel] that the proposed character witnesses lacked any knowledge of [Swirsding's] prior summary harassment conviction (pled down from a simple assault charge) against the [Complainant].

3. [Swirsding] failed to inform [trial counsel] that the purported character witnesses were aware of his reputation in the community for peacefulness and non-violence.

4. [Swirsding's] proposed character witnesses would be extensively cross-examined about [Swirsding's] prior violent conviction, by doing so, the jury would learn of this conviction which otherwise would not be admitted at trial.

Rule 907 Notice, 7/9/20, at 10 n.5 (excess capitalization and citations omitted).

Given the above, the PCRA court further explained:

Here, logic dictates that [trial counsel] had a reasonable concern that he may be suborning perjured testimony, subject his client to impeachment by the Commonwealth, or that the purported testimony may prejudice the jury against [Swirsding]. Furthermore, [trial counsel] had a rational trial strategy because [Swirsding's] prior conviction for violence (summary harassment) would have been admissible to cross-examine these witnesses. The record corroborates [trial counsel's] strategy by revealing that [Swirsding's] prior harassment conviction was not admitted at trial. Our review of the record evidences that the proposed character witnesses were not initially aware of [Swirsding's] prior conviction for violence.

*Id.* Thus, the PCRA court concluded that trial counsel "had a rational basis for not calling [the three individuals he identified] as character witnesses[,]" and trial "counsel will not be deemed ineffective for failing to do so." *Id.* (citations omitted).

Our review of the record supports the trial court's conclusion. *See*, *e.g.*, *Peterkin*, 513 A.2d at 383 (holding trial counsel's concern "that the potential harm from cross-examination of character witnesses outweighed the doubtful value of their testimony, was a reasonable basis for not pursuing potential character witnesses or presenting character evidence"). In addition, we note the evidence that Swirsding attacked the Complainant was overwhelming—the police witnessed Swirsding assaulting the Complainant, a neighbor heard him threaten the Complainant, the Complainant thought she was going to die, and, while in custody, Swirsding told that police that someone should kill the Complainant.

In sum, because the record supports PCRA counsel's determination that Swirsding's trial counsel had a reasonable trial strategy, Swirsding's

ineffectiveness claim fails. We therefore grant PCRA counsel's motion to withdraw and affirm the PCRA court's order denying Swirsding post-conviction relief.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21